Docket Number 2010-1193, Ms. Rifkin. May it please the Court, my name is Jessica Rifkin, and I represent the appellant in this case, STOREWALL LLC. This is a case regarding the classification, pardon me, Your Honor, of components of the STOREWALL organization and display system. There are STOREWALL wall panels and plastic locator tabs on which the wall panels are to be hung onto the wall. Do you contend that the wall panels themselves are unit furniture? We contend two alternative things, Your Honor. We contend that the wall panels themselves are classifiable as unit furniture in that they are separately presented elements of unit furniture. Alternatively, we contend that they're classifiable as parts of unit furniture. Well, isn't this separately presented? Doesn't that really mean parts? We believe that there is a difference between the two. So, we believe that the explanatory notes, the tariff itself provides for, obviously, for unit furniture and for parts. The explanatory notes, I believe, acknowledge that there are parts, but also when discussing, when listing what is unit furniture, include a separate sentence or clause of the sentence for separately presented elements of unit furniture. So, we believe that the explanatory notes recognize that this is a separate thing than parts. Okay, but if we address the parts question, the government cites these cases that say that the definition of parts and the principle use definition, that connection means that you can't have any other substantial use that's not associated with the covered item, right? Yes, Your Honor. So, that's a problem for you if a wall panel equipped with hooks wouldn't be within the heading, right? Yes, Your Honor. If we agree with the government's contention and with Judge Gordon's conclusion that a rack rather than a part of unit furniture or a separately presented element of unit furniture, we disagree with that. Right, but let's just save that for a moment. Let's assume that a rack includes hooks, and I know you disagree with that. We'll get to that in a moment, but if a rack does include hooks, then it's hard to see that this is a part of unit furniture, isn't it? Yes, Your Honor. Okay, so let's talk about whether a rack is a hook. Okay. Just as a starting point of the analysis, when we were going through Judge Gordon's decision, Judge Gordon finds that a store wall wall panel and locator tab accessorized with, for example, shelves would be a complete unit furniture, would be a complete configuration of unit furniture. But then, he goes on to find that a store wall panel accessorized solely with hooks would not be, would instead be merely a rack. We found that difficult to understand how an article that would be one thing in one configuration would be transformed into something entirely different just depending upon the accessories that were used with it. And so, we tried to get for ourselves a clearer understanding, well, what is the difference between furniture and a rack? We do not believe that the difference lies based on whether it has hooks or not, whether it's something that's solely used with hooks. The explanatory notes, which is the basis for this differentiation between racks and furniture, is silent as to whether hooks is the defining characteristic of what makes a rack a rack. We looked at the dictionary definitions of, well, what is a rack? And none of the dictionary definitions turn on whether an article has hooks or doesn't have hooks. Well, I guess it does in the sense that a hat rack could have hooks on it. A hat rack could have hooks on it, but hat racks are also constructed to not have hooks. For example, when we reviewed the internet, we found examples of a variety of the racks that were included in the explanatory note, such as coat racks or newspaper racks that were constructed with not a single hook. So we believe that the better construction of the differentiation that the explanatory note was getting at between unit furniture, cupboards, cabinets, and mirror wall fixtures, such as coat racks, hat racks, newspaper racks, clothesbrush hangers, key hangers, is to look at the substantiality of the good. To look at something that's furniture versus something that's a mirror furnishing that doesn't contribute in a substantial way to the comfort and utility of the homeowner. Excuse me. If you look at racks in this way, we believe that store wall, even if it were outfitted solely with hooks, is not the same as a mere hat or a coat rack. It's a far more substantial item. It costs more. It can hold far more substantial things. It can hold a variety of things. And it always retains its essential character in that it can be, it always has the potential to be used with a variety of other accessories, with shelves, that would be more of the, that would fall into Judge Gordon's recognized unit furniture definition. But I guess the upshot of this is it really turns on the question of whether hooks or racks, because you lose if a hook is a rack, right? We lose on the heading 9403 argument, yes. That's correct. What about the alternative heading that you argued for? 3924? Yeah. Yes. We acknowledge, Your Honor, that we did not raise this heading below. Nevertheless, we believe that it's appropriate for the court to hear it. We believe that this is a provision that, at least on its face, certainly is applicable to the merchandise at issue. And why is that? Why does that cover it on its face? Because the provision provides for other household articles of plastics. It's a broad provision. It covers, basically, in order to fall within it, the good at issue needs to be an article of plastic, which these goods are. And they need to be meant for use and used in the American household, which these goods are. They're meant for use in the garage to transform garage space into living space, essentially. I'd like, if you don't mind, to ask you to go back for one second. I'm sorry. I'm losing my voice. So if you can't hear me, I'll repeat my question. I am too. I was confused. A minute ago, when you just answered Judge Dyke's question, when you said, if hooks are racks, then we lose. And I guess I didn't understand that from your briefs. And maybe I'm misunderstanding your argument. But I understood from your briefs that most of the sales of these panels and the attendant accessories were almost entirely cabinets, shelves, bins, and baskets. And only, what, 4.8% of any accessories ever sold were hooks. And I guess what I understood your argument to be was, even if hooks equal racks and you want to exclude racks from the heading of 9403, that these, what we sell and what we've imported aren't things that are generally converted into hooks, that there is no evidence that anyone ever used it entirely with hooks. I don't mean to be arguing your case for you. But I'm very confused about your answer to Judge Dyke, because it seemed inconsistent with what I thought your position was. And so why don't you clarify what your position is, so that either I know that I'm wrong in the way I've interpreted it, or it's clear for the record that you didn't just give away your case. No, Your Honor, you're correct. What I understood Judge Dyke to be asking was, if we accept Judge Gordon's reasoning, which is, as I understood what Judge Gordon was saying, was that in order to be classifiable as something, you have to be that thing in all instances. And you are correct. In most instances, there's no evidence that store wall is used as a coat rack or a hat rack. And in fact, that would be illogical. The wall panels are costly materials. They cost $90 a panel. But let me try to help to clarify this. As I understand the parts provision, in our cases, it has to be dedicated solely or principally for use in those articles, and must not have substantial other independent commercial uses. So if hooks are racks, I guess the question then becomes, and Judge Moore was suggesting that the percentage of hook sales was so small, perhaps, that that's not a substantial other independent commercial use. Yes. What's your position on that? Just exactly what you've said, Your Honor, that yes, that the hook sales are so small that it is not a substantial use. And I guess you're saying also that the fact that people buy hooks doesn't mean that they exclusively outfit the panels with hooks. Absolutely. As we pointed out in our briefs, it's a hypothetical possibility. The government's attorney asked our deponent whether it was hypothetically possible that someone could outfit a store wall panel with only hooks. And yeah, there's a number of hypothetical possibilities out there. But it's not supported by the evidence of the record. Who has the burden to prove what? Did you put on evidence in the record to establish that only a small percentage of users or purchasers use the hooks? We put on evidence in the record as to the percentage of sales of certain accessories. Without surveying the end users, it's kind of impossible to establish what the end users are ultimately actually using things for. Is the 4% based on dollar sales? Yes, Your Honor. Well, that could actually represent a lot of hooks because the hooks are less expensive than the shelving? Yes. Any other questions? You're into your rebuttal time, so. Okay. Thank you, Your Honor. Thank you. May it please the Court. My name is Edward Kenney, and I represent the United States. The Court of International Trade was correct in classifying the wall panels at issue as other articles of plastic under subheading 3926.90.90 HTS U.S. Why don't you address the two issues that we've been talking about, that is whether hooks are racks and whether hooks are a substantial alternative use? Yes, Your Honor. Those are the crux of the case. The hooks are racks, and the lower court was correct in looking to if this product, which is, as it comes in, it's just a wall panel. It's fungible because we don't know what article it ultimately is going to make. The way— Counsel, I guess what you just said is sort of key to my thinking in this case. The article is fungible. We don't know what the customer is going to make. Isn't that versatility or adaptability exactly the key characteristic of unit furniture, even under the CIT's own definition of unit furniture? No, Your Honor. It's not that. This fungibility goes to whether it will ever even become unit furniture, as opposed to something that could never be unit furniture, such as a rack outfitted with hooks. That can never be unit furniture. But this isn't a rack outfitted with hooks. This is a system that is fungible in your language or versatile or adaptable in mine. And so why isn't a system with this degree of versatility automatically unit furniture under the definition? Well, the way the system, which is described in the record, it's a wall panel that the way StoreWall markets it, it doesn't have to use its own system. It could use anyone's slat wall accessories. So there's no ultimate manner in which this product can be configured ultimately. And as the StoreWall president, the 30B6 witness for StoreWall said, the suggested use is to picture frame the StoreWall. That is to make smaller work areas that can be accessorized to the needs of the individual.  And that's in the record. There is pictures of hooks or metal frames just holding a simple hammer or a simple screwdriver set. That small panel is just merely a rack. Why is that true? I mean, I looked at the dictionary. I don't see a dictionary definition that says that racks include hooks. It may be that a coat rack or a hat rack can be satisfied by a hook. But I don't see a general definition that racks include hooks. Your Honor, that is true. It's a metal framework and it also can include hooks or some sort of a peg. Everyone, I think it can be submitted that everyone knows what a coat rack is. We've seen them. There are hooks that can be, and there could be many hooks on a coat rack or not so many. And those do involve hooks. They could also have just a bar on which something could be hung up. But those, too, are racks and those are excluded. Why is any hook a rack? That's what I'm having trouble with. I mean, we've got an exclusion here that refers to racks. And the Court of International Trade said, well, that includes hooks. But I don't know why. Why does it include hooks? All hooks. For hanging tools and things like that. We don't have any pictures of these things being used as hat racks, right? No, Your Honor, but it's an open system. This system can be used with any other slat wall accessories that are out there. You can add a cabinet to this system, right? Or a basket or a shelf, correct? Yes, Your Honor. The 30B6 witness said that that would not be suggested use because it covers the slat wall, which is expensive. You could add a cabinet or a basket or a shelf to their system, but you can't add a basket, a cabinet, or a shelf to a coat rack, right? I mean, a coat rack wouldn't be a coat rack if it had cabinets on it. So isn't it that versatility which makes it unit furniture? Your Honor, that is the— Why don't I go backwards? Because I said too much. Let me get you to answer each question. If I add a cabinet to a coat rack, so now I have a giant cabinet that has two hooks hanging off the end of it where coats happen to be hanging, is that a coat rack within the definition of explanatory notes? Your Honor, if you have a coat rack and you buy a cabinet— Oh, I have a cabinet that has two hooks on it that coats can hang from. Is that article a coat rack? A cabinet that just happens to have two hooks off the side, kind of like your door, right? You might put a hook on the back of it to hang your robe. Does that make the door a coat rack? Your Honor, it's a hook. It's used as a coat rack. I guess the point I'm getting at is not everything with hooks is a coat rack, even if you can hang a coat on it. Well, I would submit it— if something is not advertised or bought as a coat rack, it might not be a coat rack. Is this advertised or bought as a coat rack, this unit furniture system? The system is so open, Your Honor. The issue here is that it's so open, we don't know what ultimately can be made with this. It can just be hooks for a coat rack or other racks that are described in the ENs as not being furniture. But there's no evidence of that. If hooks are not racks, unless they're coat or hat racks, then there's no suggestion that there's a substantial alternative use for this, is the problem I'm having. Because the only evidence is that these things are used with cabinets, with hooks. If all of those things make it into unit furniture, then why isn't this a part of unit furniture? Well, Your Honor, I think each piece of unit furniture has to be furniture in and of itself. And I don't believe that just a wall panel coming in is unit furniture in and of itself. No, no, they're not arguing that it's unit furniture in and of itself. They're arguing it's a part of unit furniture. And under your own cases, if the principal use of the part is to make unit furniture, and something with shelves, cabinets, hooks is unit furniture, then this seems to follow that it's a part of unit furniture, doesn't it? I would disagree, and I would also submit that there's no evidence that the materials are used with cabinets and whatnot, because the only evidence is a 2008 affidavit from distributors, which talk about 50% or alleged 50% of users in 2008. These items were imported in 2003. So what we do have evidence of is the testimony of their 30B6 witness, who says that the suggested use of this product is in picture framing small areas that could be used for that user, and it could be used as just hooks. But you're assuming something that I was assuming the opposite for, and that is that a hook is within – that one of these things used with hooks is unit furniture. If that's true, you lose, right? Your Honor, I think the – No. What's the answer to the question? If one of these panels used with hooks constitutes unit furniture, you lose. Your Honor, I wouldn't say that the hooks are – No, what's the answer to the question? Yes or no? No, Your Honor. And why not? Because the ENs say that what's excluded – and first of all, the furniture is – the general requirements for furniture is that it needs to be something designed to stand on the ground or the floor. The exception to that is for things that hang on the wall, like cupboards, bookshelves, or unit furniture. The ENs further define that or define those exceptions as excluding coat racks, hat racks, and similar racks. It's not – a hook that's not a coat rack is also a similar rack, according to the ENs, and would be excluded. Yeah, but my hypothetical, I'm asking you to assume that a hook doesn't come within the rack exclusion. If a hook doesn't come within the rack exclusion, you lose, right? Your Honor, I think – No. No, because it's not dedicated. Why not? As this product comes in, it's not dedicated for use as unit furniture because it can just become a hook that is a rack or a – It's a part for unit furniture if the principal use is for unit furniture. And under my hypothetical, the principal use of this part is for something that falls within the category of unit furniture. No? Your Honor, I don't think there is any evidence that the principal use of this product comes within unit furniture. I think the testimony is the only evidence that we have in the record. And that shows, as I was noting, a small picture-framed area is the suggested use of the product. That's not – Well, where is that? Where is that in the record? Your Honor, it is JA-134. In the line 5, and this is Mr. Eisenreich, the 36 witness for store wall. We suggest that you, because it is a relatively expensive product, we suggest that you don't do floor-to-ceiling, wall-to-wall. You do what we call picture-framing, basically creating work centers where the kids have a center, a dad has a center, and a mom has a center. So they're not – they're talking about smaller units that can be utilized for what that person wants to utilize it for. It could be just hooks. Right. But if one of these panels with a hook is unit furniture, and this is a part of unit furniture, right? Your Honor, the court said it may become unit furniture, but it may not. That's how the court said it was so fungible, that this product, when it comes in, it may well turn out that some ultimate articles do turn out to be unit furniture, and that may well be, but if it's never going to be that, if it's just going to be a panel with hooks like a hat or coat rack, then that would be not unit furniture, and as the court said, it's too fungible an entry to state that it is unit furniture or furniture. So therefore, the court was correct in saying that the item is an other article of plastic, which is undisputed that it is an article of plastic. Your Honor, it's also noted that the store wall here in their brief says that this article is used in closets, and it's used in pantries, and the store wall website shows a small segment of a store wall with just pegs on it and a small tray just holding a scarf. That has to be a rack. It's not anything other, and in that matter, when this product comes in, it's not dedicated to any piece of unit furniture at all. It's too fungible, Your Honor, and I think the court below was correct in its conclusion. That is too fungible, and therefore, it's an article of plastic, and as well as the hooks, too. Nothing. The hang-ups are wrong. Okay. Anything else? No, Your Honor. Okay. Thank you. Mr. Rifkin? Your Honor, we'd like to correct what we believe is the misapprehension that's been left by government's counsel as to the size of the store wall, the store wall panels that would ordinarily be used. If you look at JA-134. What does that have to do with anything? Well, we believe that counsel was suggesting that store wall is used in a manner analogous to a coat or a hat rack because it's a small thing with just hooks on it. And as we've tried to point out in our briefs, we think given the fact that we believe that the mere presence or absence of hooks is not what makes a rack a rack as opposed to furniture. Rather, you need to look at the substantiality of the article, the substantialness of its use to the homeowner, to the contribution to the homeowner's comfort and utility. We think that the size does have some bearing. The size and significance of the article does have some bearing as to whether it's furniture or whether it's a rack. If you look at JA-134, which is the deposition testimony that counsel was citing regarding the recommended use of store wall as a picture frame. What the proponent went on to say was that, and the best center program that we recommend really is, you know, a single box of store wall, four panels starting 24 to 30 inches off the ground. Each panel of store wall, the smallest size is four feet long. What the deponent was testifying to is that the recommended use of store wall is four four-foot panels starting at 16 feet. We think it defies common sense to find that a 16-foot expansive wall panel is really a hat or a coat rack or similar to a hat or a coat rack. We'd also like to clarify the point that it's not that racks equal hooks. It's that a rack is, that a rack, that the mere presence of hooks transforms something that could be considered unit furniture into a rack, which we believe is not the case. Okay, anything else? No, your honor. Okay, thank you. Thank you. Thank you both counsel. The case is submitted.